IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAY ALAN MYERS,**

    **Petitioner,**

  v.                          **CASE NO. 2:06-cv-247**

                              **JUDGE MARBLEY**

**JAMES DAVENPORT,**

    **Charlotte County Sheriff,**    **MAGISTRATE JUDGE ABEL**

    **Respondent.**

## OPINION AND ORDER

On May 24, 2006, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Although the parties were specifically advised of their right to object to the *Report and Recommendation*, and of the consequences of their failure to do so, no objections were filed, and on June 16, 2006, final judgment was entered dismissing this case. Thereafter, on June 19, 2006, petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 10. Petitioner has also filed a motion to "reconsider and reopen case" requesting that the Court vacate final judgment for consideration of his objections. Doc. No. 11.

Petitioner states that he received a copy of the Magistrate Judge's *Report and Recommendation* on June 3, 2006. The certified mail receipt indicates the document was received by prison officials on June 2, 2006. Doc. No. 7. The certificate of service attached to petitioner's objections indicates that petitioner mailed his objections on June 6, 2006. *See Objections*. Respondent has not opposed petitioner's request to vacate final judgment for consideration of

objections.

Petitioner's request to reopen the case for consideration of his objections is **GRANTED**; final judgment dismissing this action without consideration of petitioner's objections is **VACATED;** however, for the reasons that follow, petitioner's objections are **OVERRULED**; the *Report and Recommendation* is **ADOPTED** and **AFFIRMED** and this action again is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's summary of facts indicating that probable cause was found for petitioner's parole violation in view of petitioner's December 2004, convictions and because Myers alleged changed residence on November 20, 2004, without the knowledge or consent of his parole officer. However, as discussed by the Magistrate Judge, the record indicates that, on August 25, 2005, after a preliminary hearing, probable cause was found for petitioner violating conditions one and three of the terms of his Ohio parole in that, on December 21, 2004, petitioner was convicted of petit theft and obstructing and opposing an officer in Manatee County, Florida, and on November 20, 2004, petitioner changed residence without knowledge or consent of his parole officer. *See* Exhibit B to Objections. Petitioner asserts in his objections that he was denied due process because Florida failed to notify Ohio of his misdemeanor conviction within the thirty days required under rules of the Interstate Commission on Adult Offender Supervision ("ICAOA"), and because Ohio thereafter executed a detainer preventing him from obtaining release on bond on pending robbery charges outside the time limits required by ICAOS rules. Petitioner also states that he is not required to exhaust remedies because he has alleged no violation of state law.

Petitioner's objections are **OVERRULED**. Despite petitioner's arguments to the contrary, for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that petitioner has presented no federal constitutional claim warranting federal habeas corpus relief.

Petitioner has not referred to, and this Court is not aware of, any "clearly established Federal law as determined by the Supreme Court of the United States," *see* 28 U.S.C. §2254(d), requiring Ohio to permit petitioner's release on bond because Florida failed to notify Ohio of petitioner's misdemeanor convictions within thirty days, or because Ohio executed its detainer for the parole violations alleged after the time required under ICAOS rules, even assuming that such a violation occurred. Petitioner's claim is without merit.

The *Report and Recommendation* is **ADOPTE**D and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter final judgment dismissing this case.

**IT IS SO ORDERED**.

s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge
